IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JAD ACHKAR, an individual, and LAYAL ACHKAR, an individual,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>TD BANK, N.A., a national association operating in Florida, JAVIER CARDOSO, an individual, and KEVIN ZAVARCE, an individual.<br><br>    *Defendants*. | Case No.: |

## **COMPLAINT**

COMES NOW, Plaintiffs Mr. Jad Achkar ("Mr. Achkar") and Mrs. Layal Achkar ("Mrs. Achkar") (collectively, "Plaintiffs"), by and through their undersigned Counsel and bring this action against Defendants TD Bank, N.A. ("TD Bank"), Mr. Javier Cardoso ("Mr. Cardoso"), and Mr. Kevin Zavarce ("Mr. Zavarce"), and allege as follows:

### **PARTIES, JURISDICTION, AND VENUE**

1. This is a suit for violating the Electronic Fund Transfer Act (15 U.S.C. § 1693 et seq.) ("EFTA") as well as conversion, and breach of fiduciary duties.

2. Plaintiffs are a married couple residing at 14050 Biscayne Blvd APT 402, North Miami, FL 33181, and former clients of the TD Bank branch located at 12620 Biscayne Boulevard, North Miami, FL 33181.

3. Mr. Achkar is a 79-year-old United States citizen residing in Florida. Mr. Achkar maintained a convenience checking account with TD Bank, with the last four digits 3249, at the

1

time of the wire transfer incident described herein. Mr. Achkar primarily used this account for personal banking transactions.

4. Mrs. Achkar is a 62-year-old citizen of the United States residing in Florida. Mrs. Achkar maintains a separate checking account with TD Bank, identified by account number 3256. This account is distinct from the one used by Mr. Achkar.

5. Plaintiffs maintained separate checking accounts with TD Bank, each serving their banking needs and transactions.

6. Defendant TD Bank is a foreign corporation registered in Florida with a principal address of Two Portland Square, Portland, ME 04112.

7. Defendant Mr. Cardoso is an employee of TD Bank and works as the North Miami Branch Manager. Mr. Cardoso directly communicated with the Plaintiffs and provided them with information regarding their accounts. Mr. Cardoso assured the Plaintiffs that their accounts were not linked and informed them that no overdraft protection document had been signed.

8. Defendant Mr. Zavarce is also an employee of TD Bank. However, Mr. Zavarce has since been transferred to another branch. Mr. Zavarce was responsible for processing Mr. Achkar's wire transfer and, in this case, made the error of adding an extra zero to the wire transfer amount, resulting in an incorrect transaction.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the claims asserted in this complaint arise under the provisions of the Electronic Fund Transfer Act (15 U.S.C. § 1693 et seq.), a federal law.

10. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claims alleged in this complaint occurred within this District, and the defendants are located

or transact business within this District.

## BACKGROUND

11. On the morning of September 28, 2022, Mr. Achkar went into TD Bank with wire instructions to transfer $3,940.00 via wire transfer, which he tendered verbally and in writing. *See* Wire Instructions attached hereto as **Exhibit "A."**

12. However, Mr. Zavarce added an extra "0" to the wire transfer amount, resulting in a transfer of $39,400.00 instead.

13. Given that Mr. Achkar did not have that amount in his account ending in 3249, TD Bank took out $30,000 from Mrs. Achkar's account ending in 3256 (which were not linked to each other) without Plaintiffs' permission—wiping out their savings.

14. Plaintiffs were not notified of the erroneous transfer until they discovered the substantial depletion of funds in their accounts.

15. The following day, Mr. Achkar promptly notified the bank of the error.

16. The EFTA, codified as 15 U.S.C. § 1693f(a) states the following:

(a) Notification to a financial institution of error.
If a financial institution, within sixty days after having transmitted to a consumer documentation pursuant to section 906(a), (c), or (d) [15 USCS § 1693d(a), (c), or (d)] or notification pursuant to section 906(b) [15 USCS § 1693d(b)], receives oral or written notice in which the consumer—
    (1) sets forth or otherwise enables the financial institution to identify the name and account number of the consumer;
    (2) indicates the consumer's belief that the documentation, or, in the case of notification pursuant to section 906(b) [15 USCS § 1693d(b)], the consumer's account, contains an error and the amount of such error; and
    (3) sets forth the reasons for the consumer's belief (where applicable) that an error has occurred,
*the financial institution shall **investigate** the alleged error, determine **whether an error has occurred**, and **report** or mail the results of such investigation and determination to the consumer **within ten business days**.* The financial institution may require written confirmation to be provided to it within ten business days of an oral notification of error if, when the oral notification is made, the consumer is advised of such requirement and the address to which such confirmation should be

sent. A financial institution which requires written confirmation in accordance with the previous sentence need not provisionally recredit a consumer's account in accordance with subsection (c), nor shall the financial institution be liable under subsection (e) if the written confirmation is not received within the ten-day period referred to in the previous sentence.

17. Upon being notified of the error, TD Bank *eventually* and, in *bad faith,* investigated the matter.

18. If, after conducting an investigation pursuant to subsection (a) or (c), the financial institution determines that no error occurred, 15 U.S.C. §1693(d) states:

> If the financial institution determines after its investigation pursuant to subsection (a) or (c) that an error did not occur, *it shall **deliver** or mail to the consumer an **explanation** of its findings **within 3 business days** after the conclusion of its investigation*, **and** *upon request of the consumer promptly deliver or mail to the consumer reproductions of **all documents which the financial institution relied on to conclude that such error did not occur***. The financial institution shall include notice of the right to request reproductions with the explanation of its findings.

19. However, TD Bank's records do not mention the *incorrect amount*, and there is no evidence to support their claim that they took further steps to rectify the error beyond requesting the return of the funds. *See* Investigation Log attached hereto as **Exhibit "B"** (showing that TD Bank's "investigation" was *strategically* into whether the *correct recipient* received the funds—which was not at issue).

20. Moreover, TD Bank's investigation email falsely accused Mr. Achkar of initiating a $30,000 transfer "online," which contradicts the facts of the matter (Mr. Achkar was *at the bank* when the transfer was made). *See* Investigation Findings Email attached hereto as **Exhibit "C."**

21. The conduct of TD Bank in allowing the wire transfer to go through despite the lack of sufficient funds constitutes a clear violation of EFTA, 15 U.S.C. § 1693 et seq.

22. The plaintiffs are entitled to treble damages under 15 U.S.C. § 1693(e) if:

[I]n any action under section 915 [15 USCS § 1693m], the court finds that—

(1) the financial institution did not provisionally recredit a consumer's account within the ten-day period specified in subsection (c), and the financial institution
    (A) *did not make a **good faith investigation** of the alleged error*, or
    (B) *did not have a **reasonable basis for believing that** the consumer's account was **not in error***; or
(2) the financial institution *knowingly and willfully* **concluded that the consumer's account was not in error when such conclusion could not reasonably have been drawn** *from the evidence available to the financial institution* at the time of its investigation,

23.    EFTA states the following acts that constitute error pursuant to 15 U.S.C. §1693(f),

(f) Acts constituting error. For the purpose of this section, an error consists of—
    (1) *an **unauthorized** electronic fund **transfer***;
    (2) *an **incorrect** electronic fund **transfer** from or to the consumer's account*;
    (3) the omission from a periodic statement of an electronic fund transfer affecting the consumer's account which should have been included;
    (4) *a **computational error** by the financial institution*;
    (5) the consumer's receipt of an incorrect amount of money from an electronic terminal;
    (6) a consumer's request for additional information or clarification concerning an electronic fund transfer or any documentation required by this title [15 USCS §§ 1693 et seq.]; or
    (7) any other error described in regulations of the Bureau.

24.    Plaintiffs have diligently attempted to resolve this matter amicably with TD Bank but have been met with delay, obfuscation, denial, inadequate and bad-faith investigations into the incident, and no response to their demand letter.

## COUNT I – EFTA VIOLATION
**15 U.S.C. § 1693f(a) – failure to investigate *numerical error* promptly**

25.    Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-24.

26.    On September 28, Mr. Achkar visited the bank and provided Mr. Zavarce with the wire instructions. *See* Authorization attached hereto as **Exhibit "D."**

27.    Mr. Zavarce printed a draft of the transfer for Mr. Achkar's approval, which Mr. Achkar mistakenly signed. *Id.*

5

28. Shortly after leaving the bank, noticing the depletion of their accounts, and checking the receipt, Mr. Achkar realized the error in the amount (showing as $39,400.00 instead of $3,940.00).

29. The following day, on September 29, Mr. Achkar returned to the bank and promptly notified TD Bank about the error pursuant to EFTA § 1693f(a), which states that "[i]f a financial institution . . . receives oral or written notice [of an error] . . . the financial institution shall investigate . . . and report . . . within ten business days."

30. Errors are defined in EFTA § 1693(f), which include (1) unauthorized and (2) incorrect transfers as well as (4) computational errors by the financial institution.

31. No such investigation was initiated due to Mr. Achkar's original notice of Mr. Zavarce's error. Instead, Mr. Zavarce consulted with the Assistant Manager, who unsuccessfully instructed Mr. Zavarce to recall the transfer.

32. Failure to commence a *proper investigation* upon Mr. Achkar's *original notice* as to whether Mr. Zavarce had *erroneously added a "0"* to the transfer amount and to report on that investigation "within ten business days" is a violation of §1693f(a).

**WHEREFORE**, Plaintiff Mr. Achkar respectfully requests this Honorable Court enter judgment against Defendants TD Bank, Mr. Cardoso, and Mr. Zavarce for damages, including prejudgment interest, attorney's fees and costs, and any other relief this Court deems just and proper.

<u>**COUNT II – EFTA VIOLATION**</u>
**15 U.S.C. § 1693f(a) – failure to investigate *unauthorized transfer error* promptly**

33. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-32.

34. To Mr. Achkar's surprise, he later discovered that $30,000.00 was transferred from Mrs. Achkar's account on September 28 *at* 11:03 AM, while Mr. Achkar was *physically present* at the bank.

35. Despite this, TD Bank has falsely alleged that Mr. Achkar initiated the transfer through his online account, although he lacked knowledge and *could not have* initiated it himself. *See* Ex. D.

36. *Ironically*, TD Bank's wire transfer authorization form explicitly stipulates that any wire transfer will be canceled if insufficient funds are in the account, thereby emphasizing the importance of adhering to this policy. *Id*.

37. Nevertheless, TD Bank demonstrated a disregard for its own established policy by disregarding the lack of sufficient funds and permitting the wire transfer to proceed. This blatant 15 U.S.C. § 1693f violation underscores the bank's failure to fulfill its obligations under the EFTA.

38. On September 30, Mr. Achkar revisited TD Bank seeking further assistance. He was informed that a case would be opened for investigation, with an estimated duration of two weeks.

39. After two weeks, the plaintiffs returned to TD Bank and were told by Mr. Zavarce that they needed an additional two weeks, and reassured them that the wrongfully transferred funds would be refunded.

40. On October 31, Mr. Achkar returned to the bank, only to be informed that the case had been closed without a satisfactory resolution.

41. Failure to conduct a *proper investigation* upon Mr. Achkar's *original notice* of how the $30,000.00 transfer from Mrs. Achkar's account was authorized without Plaintiffs' knowledge or consent and report on that investigation "within ten business days" violates §1693f(a).

WHEREFORE, Plaintiff Mrs. Achkar respectfully requests this Honorable Court enter judgment against Defendants TD Bank, Mr. Cardoso, and Mr. Zavarce for damages, including prejudgment interest, attorney's fees and costs, and any other relief this Court deems just and proper.

## COUNT III – EFTA VIOLATION GIVING RISE TO TREBLE DAMAGES
*15 U.S.C. § 1693f(e) – failure to investigate in good faith*

42. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-41.

43. To seek a resolution, on November 1, Mr. Achkar met with Mr. Cardoso and explained the severity of the mistake.

44. Mr. Cardoso promised to reopen the case and provided assurances that checking accounts were not linked.

45. During the meeting, Mr. Achkar expressed concerns about the unauthorized transfer occurring at 11:03 AM. He requested Mr. Cardoso to review the surveillance footage as evidence of his presence at the bank during that time.

46. Mr. Cardoso failed to mention insufficient funds as a reason for the transfer.

47. On December 8, Mr. Achkar emailed Mr. Cardoso, seeking clarification on reopening the case.

48. On December 13, Mr. Achkar contacted TD Bank's Fraud Department regarding the missing $30,000 from Mrs. Achkar's account (contacted "Joshua"). Despite the engagement, no resolution was reached within the following month.

49. Consequently, on January 12 at 7:15 PM, Mr. Achkar sought further assistance by contacting TD Bank's Fraud Department again (contacted "Elizabeth"). Unfortunately, even after this additional conversation, the issue remained unresolved.

50. On January 27, to address the ongoing issues and seek a resolution, Plaintiffs took

the initiative to initiate the bank's dispute resolution process. They filed two claims with the Consumer Financial Protection Bureau ("CFPB"), accompanied by two detailed complaints encompassing all the information mentioned above, to provide a comprehensive account of the situation and facilitate the resolution process. *See* CFPB Complaints attached hereto as **Exhibit "E."**

51. Despite the very clear complaints and all prior communication and correspondence, TD Bank *strategically* initiated an investigation into whether *the **recipient**—not the **amount**—*of the wire was correct to satisfy the CFPB.

52. So, in *bad faith* (to meet its CFPB compliance requirement and close their inquiry), TD Bank concluded the recipient *was correct* and that Mr. Achkar "authorized" the wire (as evidenced by the mistakenly signed form, which itself prohibits the transfer that ensued).

53. EFTA § 1693m awards treble damages if "(1) the financial institution did not . . . recredit a consumer's account . . . , and the financial institution (A) did not make a good faith investigation . . . , or did not have a reasonable basis for believing that the consumer's account was not in error; or (2) [it] knowingly and willfully concluded that the consumer's account was not in error when such conclusion could not have been reasonably drawn from the evidence . . ."

54. TD Bank's decision to investigate *the recipient* of the wire rather than *the amount* falls well short of the good faith requirement prescribed by EFTA § 1693m.

55. Additionally, TD Bank's decision to assert that the wire was authorized despite having received prior written instructions and an immediate notification from Mr. Achkar of its error constitutes a *knowing* and *willful* conclusion that there was no error when it is painfully obvious to even a child that there was.

56. Finally, on April 21, Plaintiffs took further action by serving TD Bank with a

demand letter and exhibits dated April 18, 2023. This formal communication aimed to convey the urgency of reaching a resolution and provided TD Bank with a clear understanding of the issues. Despite being given a 20-day response period, TD Bank ignored it.

**WHEREFORE**, Plaintiffs Mr. and Mrs. Achkar respectfully request this Honorable Court enter judgment against Defendants TD Bank, Mr. Cardoso, and Mr. Zavarce for *treble damages*, including prejudgment interest, attorney's fees and costs, and any other relief this Court deems just and proper.

## COUNT IV – EFTA VIOLATION
### 15 U.S.C. § 1693(d) – failure to provide *adequate explanation*

57. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-56.

58. EFTA § 1693(d) states that "[if] the [bank] determines . . . that an error did not occur, it shall deliver or mail to the consumer an explanation of its findings . . ., and [upon request] . . . all documents which the financial institution relied on . . ."

59. After the Defendants' allegation that Mr. Achkar had conducted the transfer online, he and Mrs. Achkar demanded proof that it was so.

60. Nevertheless, TD Bank concluded its investigation, citing that the transfer between the accounts for $30,000.00 had been initiated by Mr. Achkar online (as unbelievable as that is).

61. TD Bank failed to provide *any* evidence to corroborate its claim even after numerous requests from the Plaintiffs. For instance, Plaintiffs would have loved to see IP data, server logs, or security footage, but none was presented. Therefore, TD Bank refused to provide any "documents" it relied on to make that conclusion in violation of EFTA.

**WHEREFORE**, Plaintiffs Mr. and Mrs. Achkar respectfully request this Honorable Court enter judgment against Defendants TD Bank, Mr. Cardoso, and Mr. Zavarce for damages, including prejudgment interest, attorney's fees and costs, and any other relief this Court deems just

and proper.

### COUNT V – CONVERSION

61. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-61.

62. Conversion is an "unauthorized act which deprives another of his property permanently or for an indefinite time." *See* Tatum v. SFN Grp. Inc., 698 F. App'x 1000, 1008 (11th Cir. 2017).

63. TD Bank's unauthorized transfer of funds from Mrs. Achkar's account without the Plaintiffs' consent or authorization, amounts to an act of conversion, depriving them of their rightful ownership and control over the funds.

64. By wrongfully appropriating the Plaintiff's funds and transferring them without authorization, TD Bank committed the tort of conversion, disregarding the Plaintiff's property rights and causing financial harm.

**WHEREFORE**, Plaintiffs Mr. and Mrs. Achkar respectfully request this Honorable Court enter judgment against Defendants TD Bank, Mr. Cardoso, and Mr. Zavarce for damages, including prejudgment interest, attorney's fees and costs, and any other relief this Court deems just and proper.

### COUNT VI – BREACH OF FIDUCIARY DUTY OF CARE
*FLA. UCC Art. 4A – FLA. STAT. § 674.1051*

65. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-64.

66. Fla. Stat. § 674.1051, which corresponds to Article 4-103 of the Uniform Commercial Code ("UCC"), outlines the general standards of a bank's duty of care. It states that a bank must exercise ordinary care in handling a deposit account and act in good faith.

67. This duty includes *inter alia* taking reasonable measures to (1) properly identify the intended recipient of funds, (2) follow the customer's instructions in processing transactions, (3)

prevent unauthorized access to the customer's account, and (4) safeguard against errors and omissions in processing transaction.

68. Despite being given written instruction, Mr. Zavarce's error of adding a "0" to the wire violates the duty of care imposed by Florida law.

69. Additionally, TD Bank's failure to implement adequate safeguards to prevent unauthorized transfers, resulting in the wrongful conversion of the Plaintiff's funds, clearly violates their duty of care to handle customer accounts responsibly.

70. Finally, TD Bank's failure to conduct a proper investigation and furnish the findings and documents is also a breach of the duty of care.

**WHEREFORE**, Plaintiffs Mr. and Mrs. Achkar respectfully request this Honorable Court enter judgment against Defendants TD Bank, Mr. Cardoso, and Mr. Zavarce for damages, including prejudgment interest, attorney's fees and costs, and any other relief this Court deems just and proper.

## **PRAYER FOR RELIEF**

71. Based on the facts of this case, plaintiffs are entitled to recover actual damages, statutory damages, and attorney's fees and costs, pursuant to 15 U.S.C. § 1693m(a) of the EFTA.

72. Actual damages in the amount of $30,000.00, representing the withdrawal from Mrs. Achkar's account.

73. Actual damages in the amount of $9,400.00, representing the withdrawal from Mr. Achkar's account.

74. Attorney's fees and costs incurred in the pursuit of this action.

75. Treble damages for TD Bank's violation of EFTA § 1693m by failing to conduct a good faith investigation.

**WHEREFORE**, Plaintiffs Mr. and Mrs. Achkar respectfully request that this Honorable Court enter judgment against Defendant TD Bank for damages, attorney's fees, and costs, and any other relief this Court deems just and proper.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served upon TD Bank Corporate, whose address is 1201 Hays Street, Tallahassee, FL 32301, and TD Bank Manager Javier Cardoso, whose address is 12620 Biscayne Boulevard, North Miami, FL 33181.

Respectfully Submitted July 6, 2023,

**L&A LEGAL GROUP, P.A.**
*Counsel for Layal and Jad Achkar*
7900 Oak Lane, Suite 400
Miami Lakes, FL 33016
Phone: (305) 908-3857, Ext. 2

By: */S/ Jesus La Rosa*
Jesus La Rosa, Esq.
jesus@larosa-law.com
FBN: 1022129